B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Northern District of Illinois
**Case No. 11–12862**
**Chapter 7**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

   Kathleen Marie Taylor
   15709 Cove Circle
   Plainfield, IL 60586

Social Security / Individual Taxpayer ID No.:
   xxx–xx–9931

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

    It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                                             FOR THE COURT

Dated: <u>July 6, 2011</u>                                <u>Kenneth S. Gardner, Clerk</u>
                                                         United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.*[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

```
                               United States Bankruptcy Court
                                Northern District of Illinois
In re:                                                          Case No. 11-12862-BWB
Kathleen Marie Taylor                                           Chapter 7
           Debtor
                                    CERTIFICATE OF NOTICE
District/off: 0752-1           User: froman                 Page 1 of 1                  Date Rcvd: Jul 06, 2011
                               Form ID: b18                 Total Noticed: 10


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 08, 2011.
db           +Kathleen Marie Taylor,    15709 Cove Circle,    Plainfield, IL 60544-7853
aty          +Mohammed O Badwan,    Sulaiman Law Group, LTD,    900 Jorie Blvd Ste 150,
               Oak Brook, IL 60523-3810
tr           +Thomas B Sullivan,    Grochocinski, Grochocinski & Lloyd Ltd.,    1900 Ravinia Place,
               Orland Park, IL 60462-3760
17030280     +Collect Asso (Original Creditor:Med,    Po Box 465,    Brookfield, WI 53008-0465
17030283    ++WELLS FARGO BANK NA,    WELLS FARGO HOME MORTGAGE AMERICA S SERVICING CO,    ATTN BANKRUPTCY DEPT,
                 MAC X7801-014,    3476 STATEVIEW BLVD,    FORT MILL SC 29715-7203
              (address filed with court:  Wells Fargo Hm Mortgag,    8480 Stagecoach Cir,    Frederick, MD 21701)
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
17396277     +EDI: ATTWIREBK.COM Jul 07 2011 00:03:00        At & T,    Po Box 8100,    Aurora, IL 60507-8100
17030279     +EDI: CHASE.COM Jul 07 2011 00:03:00        Chase,    Po Box 15298,    Wilmington, DE 19850-5298
17396278     +E-mail/Text: legalcollections@comed.com Jul 07 2011 00:18:21        Comed,    Po Box 6111,
               Carol Stream, IL 60197-6111
17030282     +E-mail/Text: EBN@SUMMITCREDITUNION.COM Jul 07 2011 00:21:04        Summit Credit Union,
               Po Box 5486,    Madison, WI 53705-0486
17030281     +E-mail/Text: EBN@SUMMITCREDITUNION.COM Jul 07 2011 00:21:04        Summit Credit Union,
               2424 Rimrock Rd,    Madison, WI 53713-2739
                                                                                                TOTAL: 5

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jul 08, 2011**                     **Signature:** _/s/ Joseph Speetjens_